Samuel H. Hofstaeter, J.
The trustee of an inter vivos trust has instituted this proceeding for the settlement of its account. The settlor of the trust died a resident of Florida on April 19, 1960; the trust, however, continues during the further life of the settlor’s granddaughter. A supplemental account filed during the pendency of the proceeding shows the payment out of the trust of Federal and Florida estate taxes on the settlor’s estate and also requests an additional sum for legal services rendered by the attorneys for the trustee in connection with the estate tax returns. The guardian ad litem for the infant children of the surviving life beneficiary has filed a report in which he questions the propriety of the payment of these estate taxes out of the trust and suggests that the additional fee requested, the reasonableness of which he does not dispute, should be borne in whole or in part by the Florida estate rather than the trust. With these exceptions, the guardian ad litem finds both the original and the supplemental account in order.
The main question presented is the impact of these estate taxes. This court has jurisdiction to determine the question (Matter of Gato, 276 App. Div. 651, affd. 301 N. Y. 653).
The trust, by its terms, became irrevocable on the death of the settlor’s wife, prior to his own death. She did predecease him, so that prior to his death the trust had become irrevocable. The trust indenture contains the following direction for the payment of estate taxes: “11. The Trustee is hereby authorized and directed to pay out of the principal of the within trust fund any estate, inheritance or gift taxes to which this said trust may be subjected at any time.”
The foregoing direction is relied on by the trustee in support of the payment in full out of this trust of both the Federal and Florida estate taxes. The gross probate estate is $35,734.79; the gross trust estate is $183,104.58.
The guardian ad litem in a scholarly report argues that the estate taxes are payable solely out of the residuary estate. He invokes in support of his position this provision of the settlor’s will which has been probated in Florida: 1 ‘ seventh : I direct *28 that any and all legacy, succession, estate or inheritance taxes payable by my estate, or in respect of any interest under this my Will, by reason of any State or Federal Laws now or hereafter in force, be paid by my Executor out of my residuary estate as jiart of the expenses of administration thereof.” He also urges that section 734.041 of the Florida statutes leads to the same conclusion. The language of this statute, however, does not expressly or by necessary implication, manifest a . legislative purpose to impose on the residuary estate of a decedent the sole burden of estate taxes resulting from the inclusion in the taxable estate of property not the subject of testamentary disposition or to relieve such property of its proportionate share of the taxes. No Florida authority so reading it has been called to the court’s attention. Though not directly in point, Hagerty v. Hagerty (52 So. 2d 432 [Fla.]) shows at least that the Florida courts do recognize and apply the rule of equitable apportionment.
In view of the irrevocable nature of the trust at the time of the settlor’s death it is at least debatable whether a conflict between the direction in the trust indenture and the will would not have to be resolved in favor of the former. That question need not be decided, for there is no real inconsistency between the directions in the two instruments. The will is no more explicit than the Florida statute in exempting the trust estate from its fair tax burden. In ruling that the trust has not been so relieved, the court looks solely to the language used and disregards the affidavit of the draftsman of the instruments as to the intention of the settlor-testator.
It does not follow, however, from the foregoing that the estate taxes are payable wholly out of the trust. It is true that but for the inclusion of the trust property in the taxable estate, there would have been no estate large enough to incur Federal estate tax liability. Nevertheless, for the purpose of tax computation, the two are treated as a unit. It is, therefore, equitable that the estate property bear its proportionate share of the tax. The quoted clause of the trust indenture certainly does not direct otherwise.
It appears that the net probate estate equals 14.7% of the total net taxable estate. Accordingly, the Federal and Florida estate taxes are to be apportioned so that the probate estate bears 14.7% and the trust 85.3% of the total Federal and Florida taxes paid.
In accordance with the recommendation of the attorney-executor, the additional attorneys ’ fee is allowed against the trust only in the sum of $750. To the extent above indicated
*29 the court adopts the views of the guardian whose compensation is fixed at the sum requested by him. In all other respects the account and supplemental account are approved and settled as filed.